# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NELSON MAURICIO MARTINEZ-CACHO, | Case No. 26–cv–02545–ESK |
| Petitioner, | |
| v. | ORDER TO ANSWER AND SHOW CAUSE |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on *pro se* petitioner Nelson Mauricio Martinez-Cacho's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition)   (ECF No. 1)

1.    Petitioner is a citizen of Honduras.   (ECF No. 1 ¶ 2.)    He entered the United States in 2018.    (*Id.*)

2.    He was detained by the Department of Homeland Security (Department) on March 2, 2026 after being stopped for a traffic violation by Nassau County police.    (*Id.*)

3.    Under this Court's recent decision in *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, (D.N.J. Oct. 30, 2025) and other cases, noncitizens apprehended inside the United States after residing here for an extended period can only be detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.

4.    The statutory or other legal authority for the detention of petitioner, like many others who have filed applications before this Court, is unclear and dubious.

Accordingly,

**IT IS** on this    **12th** day of **March 2026    ORDERED** that:

1.    Respondents shall file and serve an expedited answer by **March 17, 2026**, which shall respond to the Petition paragraph by paragraph, and a legal memorandum, or letter brief, which

      A. Identifies the specific statutory or other legal authority upon which petitioner was initially detained and upon which they rely for any assertion that petitioner's detention is lawful;[1]

      B. Sets forth all procedural due process provided to petitioner prior to her detention and includes all related documents;[2]

      C. Identifies whether there is a final order of removal for petitioner and, if so,

        (1) the date thereof;

---

[1] The Government is explicitly reminded that it may not unlawfully detain an individual under 8 U.S.C. § 1225(b) and later attempt to justify that detention under § 1226 through alternative, retrospective, or post hoc reasoning advanced during litigation.   "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."   *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly, to the extent that petitioner was initially unlawfully detained under § 1225(b), a bond hearing will not cure such a defect.  "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate[ly] release [her] and enjoin the Government from further similar transgressions." *Martinez*, 385 F. Supp. 3d at 373.

[2] Respondents may redact sensitive personal information belonging to petitioner or parties who are not before this Court but *may not* redact names or signatures of immigration or other public officials.

(2) the total number of days detained and the specific dates thereof (including the cumulative amount of days of detention for any separate periods of detention);

(3) all efforts made since the date of the final order of removal to effectuate petitioner's removal and the results thereof;

(4) all efforts made since the date of Petitioner's detention to effectuate Petitioner's removal and the results thereof;

D. Sets forth any and all alleged changed circumstances upon which respondents claim petitioner's detention is lawful;

E. States whether petitioner has received a bond hearing and if not, why not, and if so, provides

(1) A full and complete copy of any decision of the immigration court as to bond;

(2) A full and complete copy of any transcript (recorded or transcribed) of any such proceedings; and

(3) The factual and legal basis upon which they claim any such proceeding was fundamentally fair.

F. Identifies the current status of any and all immigration proceedings related to petitioner;

G. To the extent not specified above, otherwise fully responds to the allegations and grounds in the Petition, on a paragraph-by-paragraph basis, and includes all affirmative defenses respondents seek to invoke; and

H. Serves with the response and/or answer a certification attesting as to the completeness and authenticity of all documents produced and information provided in response to this Order; and it is further

2. To the extent respondents contend that petitioner has a criminal history that warrants detention, respondents shall provide the Court with copies of all records and documents retrieved from any federal, state, or local database searched in connection with petitioner's detention, including, without limitation, USCIS's Central Index System ("CIS"), the ENFORCE Alien Removal Module ("EARM"), the Integrated Automated Fingerprint

3

Identification System ("IAFIS"), the National Crime Information Center ("NCIC"), any state judiciary databases, and any other internal agency databases.

3.      Respondents shall conduct a complete inventory of all personal property belonging to petitioner that is currently in their custody, possession, or control, whether directly or through any contracted facility, shall take all reasonable steps to safeguard and preserve such property pending further Order of the Court, and shall file a certification from a responsible official with personal knowledge confirming that a full inventory has been completed and that the property is being safeguarded and preserved.

4.      Given that petitioner has already been detained for a period of time, failure to comply with this Order shall result in an Order of immediate release without further notice or an opportunity to be heard.

5.      Because the petitioner is currently detained by Immigration and Customs Enforcement in the State of New Jersey, and the Court has issued an expedited briefing schedule, to preserve the status quo, including petitioner's continued access to counsel, during the briefing and hearing process and until the Court issues a decision in this matter, and pursuant to the All Writs Act, 28 U.S.C. § 1651, petitioner shall remain in the State of New Jersey and shall not be transferred outside the State of New Jersey until further order of the Court.

6.      The Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4